Sottthabd J.
dissented, and delivered the following opinion.
*The plaintiff claims a reversal of the judgment, upon several grounds. I shall examine the case, in reference to only one of them.
The plaintiff below, in his demand, alleges, that he had in his possession, certain specified goods, by virtue of an execution, against D. M. M’Gregor ; that he delivered them for safe keeping to the defendant, to be returned when called for; but that defendant refused to deliver them, when demanded ; and that therefore he brought his action for the trover and conversion.
After the plaintiff had rested, at the trial, the defendant, among other things “ offered to prove, that the property was his, before the constable levied on it, but he, the said defendant, did not know it at the time the property was put into his hands for safe keeping.”
This evidence, which we are to presume the defendant could have given, the justice overruled ; and in so doing, I think he committed an error. The rights of Swisher in this case, can be no greater than those of any other bailor, when he demands from his bailee, a deposit for safe keeping. His character of constable, and his claim under the execution, invests him with no greater privileges, than if he claimed it as his own personal property; and the propriety of the opinion of the justice, depends upon the question, whether a bailee for safe keeping, may not refuse to deliver up a deposit which is his own, and was his own, when it was left in his custody. I think he may. That such bailee may not defend himself, by *76 denying the right of the bailor, as a public officer, or by the property in some third person, may be true. The law implies a promise in him, to deliver it up, when demanded ; and he must not place himself in the stead of some third person, and assume or defend his rights. He must comply with the legal obligations which are upon him, and leave the maintenance of their own rights to others. But this does not prevent him from setting up, by way of defence, a property in the goods deposited. Though not an ordinary occurrence, yet it may so happen, that a depositary may be the owner, and yet, at the time the deposit is made, not be aware of the fact: and I can see nothing to prevent him, at any future period, from maintaining his ownership. There is no principle or reason, to compel a bailee of his own goods, to return them. The bailor can have no right to them, or property in them. His being a public officer, *with process against a third party, can surely give him none, over the bailee’s goods. The implied obligation of the bailment, can never divest the property out of the one, and invest it in the other. The only possible effect, which could result from enforcing this general, implied obligation, against this right of property, would be to make the owner deliver up his goods to another, in order that he might immediately bring a suit to recover them back. This is never necessary. What ever would be sufficient and competent to maintain an action against a man for goods, isa sufficient defence against him, when he claims those goods. That proof, which would enable a man to recover property from a public officer, wdio had taken it by virtue of process; would also enable the same man, to resist the attempt of that officer, to get the property from him. Now, proof of complete ownership would surely do this: and such proof ought, in the instance under consideration, to have been admitted. If Hampton had a right to these goods, Nim/ier had no claim to them ; he was a trespasser for having taken them into his possession, no matter what process he had against M’Ch'egor. By overruling this testimony, that great principle of the law, that where a. man comes into the peaceable possession of his property, he has a right to *77 retain it, has been violated; and the extraordinary spectacle, has been exhibited; of an owner, in the quiet session of his goods, obliged to deliver them to a man, who has not the shadow of title to them.
In my opinion, the judgment ought to be reversed.
Judgment affirmed.